# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE LOST PENINSULA MARINA
DEVELOPMENT COMPANY, LLC,
LOST PENINSULA MARINA, LLC, and    Case Nos. 10-10264
MAUMEE BAY SUPPLIES, LLC,                   10-10395
                                             Hon. Lawrence P. Zatkoff
      Debtors.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 4, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Copper Creek Development Corp.'s ("Copper Creek") motion to withdraw the bankruptcy reference (Case No. 10-10264 [dkt 1]) and Design Engineers & Consulting Associates, Inc.'s ("Design Engineers") motion to withdraw the bankruptcy reference (Case No. 10-10395 [dkt 1]). David Allard, in his capacity as trustee ("the Trustee") for the Debtors, has filed a response opposing Copper Creek's motion. Design Engineers has also filed a response to Copper Creek's motion, in which it states its concurrence. No response to Design Engineers's motion has been filed.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, each of the motions to withdraw the bankruptcy reference is denied without prejudice.

## II. BACKGROUND

The underlying bankruptcy proceeding involves the attempted redevelopment of Lost Peninsula Marina ("the Marina"), located on the Lost Peninsula in Monroe County, Michigan. The Lost Peninsula extends into Maumee Bay on Lake Erie. The peninsula is unique in that the peninsula belongs to the State of Michigan, but the base of the peninsula is attached to the State of Ohio (*i.e.*, a resident of the Lost Peninsula would have to travel through Ohio to reach any other part of Michigan).[1]

Since 1969, Monroe County has contracted with the City of Toledo, Ohio, to provide water service to certain of its residents, including all water needs for the Lost Peninsula. According to the Trustee, the water main servicing the Marina property is outdated and has well-known water pressure and flow problems.

The Debtors purchased the Marina property in 1994 with plans to substantially redevelop that property. The redevelopment project included the construction of a clubhouse, which was to serve as the centerpiece of the Marina. Although they were aware of the Marina's water-supply issues, the Debtors nonetheless proceeded with the project.

Copper Creek was selected to serve as the general contractor for the redevelopment project. In 2006, Copper Creek solicited bids for the design and installation of a fire-suppression system in the clubhouse. Double D Fire Protection, Inc. ("Double D") was awarded the job. In addition, Copper Creek retained Design Engineers to review and approve Double D's design plans.

Design Engineers approved Double D's plans, and the fire-suppression system was installed.

---

[1]This apparently was an unintended consequence resulting from the establishment of the Michigan–Ohio border following the Toledo War. *See* http://en.wikipedia.org/wiki/Monroe_County,_Michigan (last visited July 16, 2010).

However, the completed system failed to meet building code regulations. Because the clubhouse did not have a conforming fire-suppression system, the use of that facility was greatly diminished.

On November 2, 2007, the Debtors voluntarily filed petitions for Chapter 11 Bankruptcy. On October 30, 2009, the Trustee initiated an adversarial proceeding against Copper Creek, Double D, Design Engineers, and Michigan Wetlands Development & Construction, LLC. The adversarial proceeding seeks to recoup damages caused by the allegedly negligent design and installation of the fire-suppression system. The Trustee alleges that the system failed because the design and testing did not account for the insufficient water pressure at the Marina. In fact, the Trustee submits that no possible design could have met the code requirements due to the property's water supply and pressure issues

Double D is in default, and Michigan Wetlands was voluntarily dismissed. The remaining defendants to the adversary proceeding, Copper Creek and Design Engineers (collectively, "Defendants") have each filed a motion requesting that the Court withdraw the reference from the bankruptcy court for the limited purpose of holding a jury trial on the Trustee's claims relating to the design and installation of the fire-suppression system.

### III. LEGAL STANDARD

All bankruptcy-related proceedings filed in this court are automatically referred to the bankruptcy court for this district. *See* 28 U.S.C. § 157(a); E.D. Mich. L.R. 83.50. Motions to withdraw references from the bankruptcy courts are governed by 28 U.S.C. § 157(d), which states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court

3

determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

## IV. ANALYSIS

**A. Mandatory Withdrawal**

As stated above, § 157(d) mandates withdrawal when "the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Defendants did not phrase their arguments in terms of mandatory withdrawal. Even if they had, the Trustee's state-law contract and negligence claims would not satisfy the above standard because they do not implicate federal law. *See, e.g.*, *Organic Chems., Inc. v. Travelers Ins. Co.*, No. 1:95-CV-490, 1995 WL 17214040, at *2 (W.D. Mich. Nov. 2, 1995). Therefore, this case is not one where § 157(d) requires withdrawal.

Copper Creek also maintains that § 157(b)(5) requires withdrawal because the adversary case involves tort claims. Section 157(b)(5) requires that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending[.]" Copper Creek contends that the Trustee's negligence and negligent representation claims fit within the definition of "personal injury torts" as envisioned by the statute.

The Court cannot agree with this extension of "personal injury." Copper Creek is correct that some courts have broadly interpreted "personal injury" under this section to include non-traditional personal injuries, for example, civil-rights claims. *See, e.g.*, *In re Nifong*, No. 08-*80034C-7D, 2008 WL 2203149, at *3 (Bankr. M.D.N.C. May 27, 2008); *In re Boyer*, 93 B.R. 313, 317–18 (Bankr. N.D.N.Y. 1988). However, Copper Creek has cited no authority construing injuries

4

suffered by legal entities—such as the three limited-liability companies comprising the debtors here—as "personal" in nature. While this issue does not appear to have been addressed in relation to bankruptcy proceedings, this argument has been rejected in decisions involving similar provisions of tax law. *See Roemer v. C.I.R.*, 716 F.2d 693, 699 n.4 (9th Cir. 1983) ("A corporation by its very nature cannot suffer a personal injury. A corporation is a business entity and not a human being[.]"); *P & X Mkts., Inc. v. C.I.R.*, 106 T.C. 441, 445 (U.S. Tax Ct. 1996); *Boyett Coffee Co. v. United States*, 775 F. Supp. 1001, 1003–04 (W.D. Tex. 1991).

The Court finds that there is no precedent or justification for Copper Creek's creative interpretation of the "tort exception" to bankruptcy jurisdiction. The Court therefore concludes that withdrawal based on § 157(b)(5) would be inappropriate in this matter.

## B. Permissive Withdrawal

Section 157(d) additionally permits a district court to withdraw a petition "for cause shown." This court has considered the following factors when determining whether to withdraw a petition:

> (1) Whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*Venture Holdings Co., LLC v. Winget*, No. 05-73639, 2006 WL 800790, at *1 (E.D. Mich. Mar. 6, 2006) (quoting *In re Burger Boys*, 94 F.3d 755, 762 (2d Cir. 1996)); *see also Omega Tool Corp. v. Alix Partners, LLP*, 416 B.R. 315 (E.D. Mich. 2009); *MQVP, Inc. v. Keystone Auto. Indus., Inc.*, No. 07-10248, 2007 WL 485226 (E.D. Mich. Feb. 7, 2007).

In addition to the above factors, Copper Creek insists that its jury demand also requires withdrawal of the reference. On this subject, the statute states that:

5

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). Copper Creek explains that it does not, and will not, consent to trial before the bankruptcy court.

The Trustee urges the Court to postpone the decision to withdraw the reference until trial approaches. This court has generally adhered to this procedure. *See In re Collins & Aikman Corp*, No. 06-11512, 2006 WL 6584164, at *2 (E.D. Mich. June 15, 2006); *see also In re Solar Stamping & Mfg., LLC*, No. 08-13433, 2008 WL 4239146, at *2 (E.D. Mich. Sept. 10, 2008) (noting that this is the "usual practice"); *In re Snooks*, No. 08-DV-14180, 2009 WL 230598, at *3 (describing denial of motion to withdraw without prejudice as "the normal practice in this district"). Additionally, courts outside this district have decided this issue in similar fashion. *See, e.g.*, *Franchise Mgmt. Servs., Inc. v. Righetti Law Firm, P.C.*, No. 09cv1578, 2009 WL 3254442, at *4 (S.D. Cal. Sept. 30, 2009) ("The Court finds it appropriate to postpone withdrawing the reference until it becomes clear that this case will proceed to trial."); *CDX Liquidating Trust v. Venrock Assocs.*, No. 04C7236, 2005 WL 3953895, at *4 (N.D. Ill. Aug. 10, 2005) (noting that a jury demand "does not mean that the case must be withdrawn from the bankruptcy court right now"); *Organic Chems., Inc.*, 1995 WL 17214040, at *3 ("Removal of the case to district court may be necessary at some point in the future; but will not be a question ripe for determination until the case actually becomes trial-ready.").

This case is not trial-ready. Considering the bankruptcy judge's familiarity with the entirety of this case, and her expertise in such matters, the Court finds that this case is one in which "judicial economy is better served by permitting the Bankruptcy Judge to manage the pre-trial phase of the

litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial."
*In re Collins & Aikman Corp.*, 2006 WL 6584164, at *2. Therefore, the Court will presently abstain from addressing the merits of Defendants' motions, and Defendants may reinstate their motions at an appropriate juncture.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Copper Creek's motion to withdraw the bankruptcy reference (Case No. 10-10264 [dkt 1]) and Design Engineers's motion to withdraw the bankruptcy reference (Case No. 10-10395 [dkt 1]) are each DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: August 4, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 4, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290